EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RA-
FAEL VÁZQUEZ y RAMÓN TORRES, acusados y apelantes.

No. 3137.—*Visto:* Noviembre 18, 1927.  *Resuelto:* Febrero 10, 1928.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—RÉCORD Y PROCEDIMIEN-
   TOS QUE NO ESTÁN EN RÉCORD—TRANSCRIPCIÓN DE LA EVIDENCIA—TÉRMINO
   PARA RADICARLA O PRESENTARLA.—Cuando en la vista de un caso se solicita
   oralmente un término para radicar una transcripción de la evidencia y no
   se presentan luego, bajo juramento, motivos para apoyarla, procede negar
   la solicitud.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—RÉCORD Y PROCEDIMIEN-
   TOS QUE NO ESTÁN EN RÉCORD—CUESTIONES A REVISAR—REVISIÓN LIMITADA
   POR EL PROPIO RÉCORD—CUESTIONES SOBRE NUEVO JUICIO—CONCESIÓN O DE-
   NEGATORIA DE NUEVO JUICIO.—Apelada una resolución de nuevo juicio fun-
   dada en cuestiones relativas a las pruebas del caso y en nuevas pruebas,
   cuando al Supremo no se eleva la prueba practicada en la corte inferior,
   dicho tribunal no está en condiciones de revocar la resolución denegatoria
   del nuevo juicio.

SENTENCIA de *Domingo Sepúlveda, J.* (San Juan), condenando a los
   acusados por delito de abuso de confianza.  *Confirmada.*

*R. Sancho Bonet,* abogado de los apelantes; *José E. Figueras,* abo-
   gado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Los dos acusados en este caso apelaron de la sentencia
condenatoria pronunciada contra ellos por abuso de con-
fianza y de la resolución que les negó la celebración de un
nuevo juicio, y el único motivo que alegan para sostener
esos recursos es que la corte inferior cometió error al no
concederles el nuevo juicio que solicitaron.

[1] Las apelaciones fueron establecidas en febrero de
1926 y no se trajo con ellas a este tribunal una exposición
del caso, una transcripción de la evidencia hecha por el ta-
quígrafo, ni un pliego de excepciones, pero el día 18 de no-
viembre de 1927 en que tuvo lugar la vista de las apelacio-
nes, después de los informes de los abogados, solicitó oral-
mente el de los apelantes que le concediéramos un término
para radicar una transcripción de la evidencia, reservándo-
nos entonces nuestra resolución.  En vista de lo tardía de

esta petición y de que no se nos han presentado bajo juramento motivos para apoyarla negaremos lo que se nos pidió.

[2] La moción de nuevo juicio de los acusados se fundó en que durante el juicio el fiscal presentó testigos cuyas declaraciones son completamente inciertas y apasionadas; en que después del juicio se enteraron los acusados de que un documento en él presentado por el fiscal como esencial para su evidencia era apócrifo porque la firma que en él aparece como del acusado Rafael Vázquez está falsificada; y en que también se enteraron después del juicio de que en poder del fiscal existe una declaración prestada por Don Enrique Betancourt, que falleció antes del juicio, la que favorece a los acusados. Como complemento de esa moción se alega también en cuanto a las declaraciones inciertas que éstas fueron una sorpresa para los acusados quienes esperaban otros testimonios de esos testigos: que con respecto al documento apócrifo no pudieron obtener la seguridad de su adulteración porque sólo estuvo en manos de los acusados breves segundos el día a que se refiere la denuncia, yendo luego al poder del fiscal; y que la prueba alegada para que se les conceda el nuevo juicio no es acumulativa y habrá de producir un resultado distinto en el nuevo juicio. Se acompañaron con la moción declaraciones juradas de los dos acusados sobre los mismos hechos expuestos en ella y la de un perito calígrafo que hizo un cotejo de la firma de "R. Vázquez" del documento presentado por el fiscal con otras hechas ante él por el acusado Rafael Vázquez.

Independientemente de que el hecho de que los testigos del fiscal declararan en contra de los acusados no puede ser una sorpresa para ellos; de que el acusado Vázquez reconoce que vió antes del juicio el documento que presentó el fiscal, por lo que si no había puesto su firma en él debió estar preparado para probar en el juicio la falsificación que después de él alega, de todos modos, tenemos que llegar a la conclusión de que no estamos en condiciones para revo-

car la resolución que negó a los apelantes el nuevo juicio porque no habiendo traído ante nosotros la prueba practicada en la corte inferior no podemos determinar si la nueva prueba que se ofrece presentar es acumulativa o no, ni si el documento a que se ha hecho referencia es esencial y decisivo en este asunto, de tal suerte que en caso ·de no ser auténtica la firma del acusado Vázquez, que se dice contener, la sentencia habría de ser distinta a la que fué pronunciada.

Por estas razones ·la sentencia y resolución apeladas deben *ser confirmadas.*

El Juez Asociado Señor Texidor no intervino.